**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

GLEN GREEN,

    Petitioner,                                            Civil No. 2:09-CV-12126

v.

THOMAS BELL,

    Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE
PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING
TO ISSUE A CERTIFICATE OF APPEALABILITY**

On June 2, 2009, *pro se* Petitioner Glenn Green, presently incarcerated at the Parr Highway Correctional Facility in Adrian, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C.§§ 2241 and 2254.[1]  In his petition, Petitioner challenges the Michigan Parole Board's refusal to grant him parole on his conviction for witness intimidation.  For the reasons stated below, the court will summarily dismiss the petition for writ of habeas corpus.

---

[1] Petitioner filed his application for writ of habeas corpus under 28 U.S.C. § 2241 as well as 28 U.S.C. § 2254; however, § 2254 is the only "appropriate vehicle" for Petitioner to bring his petition.  *Crouch v. Norris,* 251 F. 3d 720, 723 (8th Cir. 2001).  Petitioner is a "person in custody pursuant to the judgment of a State court," and he can only obtain habeas relief under § 2254, regardless of how his pleadings are styled.  *Id.* (quoting 28 U.S.C. § 2254(a)).  Therefore, the court will analyze Petitioner's claims under this standard.

**I. BACKGROUND**

**I. BACKGROUND**

On March 5, 2003, Petitioner was sentenced to three years, two months to fifteen years for the crime of witness intimidation. The Michigan Parole Board denied Petitioner parole for this offense on June 6, 2008 and May 11, 2009. Petitioner claims that the Michigan Parole Board failed to comply with Mich. Comp. Laws § 791.233e(6), which requires the Parole Board to give substantial and compelling reasons in writing when denying parole to a prisoner who has been given a high probability of parole under Michigan's Parole Guidelines. Petitioner further contends that he has been given continuances of his incarceration in excess of twelve months, in violation of Mich. Comp. Laws § 24.207(k) and Admin. R. 791.7710(2)(c).

## II.  STANDARD

Under Rule 4 of the Rules Governing § 2254 Cases, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition. Rule 4, Rules Governing § 2254 Cases. Therefore, a petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it will be summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *See McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke*, 178 F. 3d 434, 436 (6th Cir. 1999); *see also* Rule 4, Rules Governing § 2254 Cases. Finally, no response to a habeas petition

3

is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response by the state. *See Allen v. Perini,* 424 F. 2d 134, 141 (6th Cir. 1970). If the court concludes, under Rule 4, that Petitioner's parole claims do not entitle him to habeas relief, the court must summarily dismiss the petition. *See McIntosh v. Booker,* 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004).

### III.  DISCUSSION

In his petition, Petitioner contends that his due process rights were violated because the Michigan Parole Board failed to offer substantial or compelling reasons, as required by Mich. Comp. Laws § 791.233e(6), for ignoring the Michigan Parole Guidelines, which gave Petitioner a high probability score for being paroled. Petitioner also contends that his due process rights were violated because the Michigan Parole Board continued his next parole date in excess of twelve months, in violation of Mich. Comp. Laws § 24.207(k) and Admin. R. 791.7710(2)(c).

As an initial matter, Petitioner acknowledges that he has yet to present his parole claims to the Michigan courts. However, in light of the fact that Michigan law does not permit a prisoner to appeal an adverse decision by the Michigan Parole Board, Petitioner's failure to exhaust his parole denial claims with the state courts is excusable. *See Jackson v. Jamrog,* 411 F. 3d 615, 618 (6th Cir. 2005). The court will therfore proceed to address the merits of Petitioner's claims.

A convicted person has no federal constitutional right to a conditional release, or parole, before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979); *see Bd. of Pardons v. Allen*, 482 U.S.

369, 377, n.8 (1987); *Gavin v. Wells*, 914 F. 2d 97, 98 (6th Cir. 1990); *Lee v. Withrow*, 76 F. Supp. 2d 789, 792 (E.D. Mich. 1999).  In Michigan, a prisoner's release on parole is discretionary with the Michigan Parole Board because the Michigan's parole statute, Mich. Comp. Laws § 791.233, does not place any substantive limitations on the discretion of the parole board through the use of particularized standards that mandate a particular result.  *Lee*, 76 F. Supp. 2d at 792 (citing *In Re Parole of Johnson*, 596 N.W.2d 202, 204 (Mich. App. Ct. 1999)); *see Johnson v. Renico,* 314 F. Supp. 2d 700, 713 (E.D. Mich. 2004) (internal citation omitted).  The Michigan parole statute therefore does not create a right to be paroled.  *Id.; see also Hurst v. Dep't of Corr. Parole Bd.*, 325 N.W.2d 615, 616 (Mich. Ct. App. 1982).

Because the Michigan Parole Board has the discretion whether to grant parole, a prisoner does not have a protected liberty interest in being paroled prior to the expiration of his or her sentence.  *Canales v. Gabry*, 844 F. Supp. 1167, 1171 (E.D. Mich. 1994); *Hurst,* 325 N.W.2d at 616.  Accordingly, Petitioner does not "have a sufficient liberty interest in his future parole release to be entitled to due process in his parole release proceedings."  *Id.* (quoting *Sharp v. Leonard*, 611 F. 2d 136, 137 (6th Cir. 1979)).  Where a prisoner has no state created liberty interest in being paroled, he may not challenge the procedures used to deny him parole.  *Johnson,* 314 F. Supp. 2d at 713.

Because Petitioner had no protected liberty interest in obtaining parole, or in due process if he is denied parole, he has no right to expect the Michigan Parole Board to follow state procedural rules as a matter of federal due process.  *Id.*  Moreover, Petitioner has no legitimate expectation of, and thus no protected liberty interest in,

receiving parole. *Id.* Therefore, the Michigan Parole Board's failure to set his release date in accordance with parole guidelines does not give rise to a due process claim. *Id.* (internal citation omitted); *see also Coleman v. Martin,* 63 F. App'x 791, 792-93 (6th Cir. 2003) (prisoner could not maintain § 1983 action based upon the erroneous scoring of his parole guidelines). Likewise, Petitioner's claim that the Michigan Parole Board continued his next parole date in excess of twelve months, in violation of Mich. Comp. Laws § 24.207(k) and Admin. R. 791.7710(2)(c), fails to state a claim for which relief can be granted. *See Smith v. Samper,* No. 05-CV-57, 2005 WL 1037011, * 1-2 (W.D. Mich. May 4, 2005).

Because Petitioner has failed to allege any facts showing that he is being detained in violation of the United States Constitution, or to state a claim upon which habeas relief can be granted, the court will summarily dismiss the petition for writ of habeas corpus.

## IV.  CERTIFICATE OF APPEALABILITY

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). In deciding to dismiss the habeas petition, the court has, of course, studied the case record and the relevant law, and concludes that it is presently in the best position to decide whether to issue a COA. *See id.* at 901 (quoting *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir.1997), *rev'd in part on other grounds*, 521 U.S. 320 (1997)) ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both

the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Petitioner does not have a protected liberty interest in being granted parole, he has failed to make a substantial showing of the denial of a constitutional right and is therefore not entitled to the issuance of a certificate of appealability on this claim. *See Heidelberg v. Illinois Prisoner Review Bd.*, 163 F. 3d 1025, 1025-1027 (7th Cir. 1998). Moreover, it would be a "rare case" in which a district judge issues a habeas petitioner a certificate of appealability to appeal after he dismisses a habeas petition without requiring an answer because it plainly appeared from the face of the petition and any exhibits annexed to it that the petitioner was not entitled to habeas relief. *See, e.g., Alexander v. Harris,* 595 F. 2d 87, 91 (2d Cir. 1979). Therefore, the court concludes that jurists of reason would not find the court's assessment of Petitioner's claims debatable or wrong, and the court will thus decline to issue Petitioner a certificate of appealability.

## V. CONCLUSION

Accordingly, the court DISMISSES WITH PREJUDICE the petition for writ of habeas corpus [Dkt. # 1].

IT IS FURTHER ORDERED that the court DECLINES TO ISSUE a certificate of appealability.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: June 17, 2009


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 17, 2009, by electronic and/or ordinary mail.

        s/Lisa G. Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522